286 So.2d 706 (1973)
Daniel F. GRAHAM
v.
The MAGNOLIA SCHOOL, INC.
No. 5629.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
Rehearing Denied January 8, 1974.
Writ Granted March 8, 1974.
*707 Montgomery, Barnett, Brown & Read, Nathan T. Gisclair, Jr., and Stanley McDermott, Jr., New Orleans, for defendant-appellant.
Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, C. Paul Barker, New Orleans, for plaintiff-appellee.
Before SAMUEL, J., and CONNOLLY and DURAN, JJ. Pro Tem.
GEORGE C. CONNOLLY, JR., Judge Pro. Tem.
Daniel F. Graham, plaintiff, was awarded a judgment against the defendant, The Magnolia School, Inc., a non-profit, privately funded school for retarded children located in Jefferson Parish, Louisiana, in the sum of $7,440.00, representing the balance of the annual salary and expense due him by The Magnolia School, Inc. Defendant has appealed.
Plaintiff was employed by The Magnolia School, Inc. as Executive Director for several years prior to his discharge which forms the basis of this lawsuit. Plaintiff's employment originated under a written contract dated April 9, 1956.
On August 29, 1968, The Magnolia School, Inc. by letter notified plaintiff that his employment was terminated. Plaintiff instituted this suit for the remaining six (6) months due him under his contract which he alleged terminated on April 30, 1969.
Plaintiff's position is that he had a term contract of employment on an annual basis, renewable each year after its original term. He argues further that his employment was terminated without cause before the expiration of the term.
The Magnolia School, Inc. denies the contract is for a specific duration and argues that the contract is terminable at the will of either party upon sixty days' written prior notice.
The contract in question was originally executed for a three-year term, beginning May 1, 1956 and ending May 1, 1959. The contract provides, inter alia, as follows:
"And it is further agreed by the parties hereto that this contract may continue in force year after year, ..., unless terminated by the party of the second part (Graham) or by written notice of the Board of Directors presented 60 days prior to severance."
The issue is one of interpretation. It revolves around the meaning of the phrase "may continue in force year after year...".
Plaintiff relies on the language "this contract may continue in force year after year ..." to argue that the original contract is renewed annually and for a fixed term of one year.
Employment for a fixed period under a written contract carries with it the right of the employee to receive all wages or salary due under the contract except in those instances in which he is discharged for cause prior to the contract's termination. LSA-C.C. Art. 2749. Krizan v. Storz Broadcasting Company, 145 So.2d 636 (4th La.App.1962).
In those instances wherein the engagement of an employee is for an indefinite period, the contract is terminable at the option of either employer or employee and the services of such employee may be discontinued by the employer at any time with or without cause. LSA-C.C. Art. 2747. Baker v. Union Tank Car Company, 140 So.2d 397 (1st La.App.1962).
Modifying the above two rules of law is the principle that agreements legally entered into have the effect of laws on those who have formed them. In other words, the contract is the law between the parties. LSA-C.C. Arts. 1901, 1945.
Thus, a contract, particularly one for personal services, may be terminated *708 on such notice as the parties provide. If either party gives notice as is required, that is, acts in accordance with the provisions of the contract itself, the contract is at an end. System Federation No. 59 etc. v. Louisiana and Arkansas Railway, 30 F. Supp. 909 (W.D.La.1940).
An application of the foregoing rules of law to the facts of the present case would not require a determination as to whether or not the contract between Graham and The Magnolia School, Inc. is one for a fixed or an unfixed term. Such a decision would not be necessary because even if the instant contract was a contract for a fixed term, the contract could still be terminated by either party by acting in accordance with the provisions of the contract, that is, by giving the required 60 day notice. To restate, even if this were a contract for a fixed term and thereby requiring cause for termination of the contract, the parties to the contract could provide an alternative method of termination which would not require a showing of cause, and such a provision would be the law between the parties.
Daniel F. Graham is entitled to the benefits and salary for the sixty (60) days following his termination.
The record will reflect that the defendant-school paid Graham in advance two month's salary, and one month rental and food allowance of $240.00, one such amount for the month of September having already been paid.
The trial Court awarded Graham benefits and salary for a six-month period. This judgment will be reduced to a sixty day period in accordance with the contract and the reasons hereinabove set forth. However, according to the record, Defendant has heretofore paid to the Plaintiff two checks payable to Graham's order, each in the net amount of $835.24 after deductions from a gross amount of $1,033.34. A third Defendant check payable to Graham's order in the amount of $240.00 represented additional payments for rent and food allowance. The record further indicates payment was made to Graham in the amount of $240.00 for the month of September, thus accounting for all payments due by the Defendant to the Plaintiff in accordance with the contract.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of Defendant, The Magnolia School, Inc., and against the Plaintiff, Daniel F. Graham, dismissing said Plaintiff's suit; costs in both courts to be paid by the Plaintiff.
Reversed.